By the Court, Cowen, J.
This suit was brought to recover a sum of money advanced to the defendant, a citizen of this state, in part payment for a quantity pf wool which he agreed to deliver to the plaintiff’s agent. The contract was made by the latter without disclosing the name of his principal, who *73 was a merchant residing at Hartford, Connecticut. The agent was a resident of this state. The wool was not delivered as agreed, and the question is, whether an action can be maintained by the principal.
It may be admitted, as was urged in the argument, that whether the principal be considered a foreigner or not, his agent, omitting to disclose his name, would be personally liable to an action. Even in case of a foreign principal, however, I apprehend it would be too strong to say, that when discovered he would not be liable for the price of the commodity purchased by his agent. This may indeed be said, when a clear intent is shown to give an exclusive credit to the agent. I admit that such intent may be inferred from the custom of trade, where the purchaser is known to live in a foreign country. No custom was shown or pretended in the case at bar; and where the parties reside in different states under the same confederation, this has been held essential to exonerate the principal. (Thomson v. Davenport, 9 Barn. Cress. 78.) It will be seen by this case and others referred to by it, that the usual and decisive indication of an exclusive credit is, where the creditor knows there is a foreign principal, but makes his charge in account against the agent. If the seller be kept in ignorance that he is selling to an agent or factor, I am not aware of a case which denies a concurrent remedy.
On the other hand, I am still in want of an authority that, where an agent acquires rights in a course of dealing for his principal, whether the latter be foreign or domestic, and his name is kept secret, the principal may not sue to enforce those rights. I admit that the defendant is not by such form of action to be cut off from any equities he may have against the agent. So far the latter is considered as the exclusive principal; but no farther. As a general rule, the latter cannot maintain an action in his own name at all; and the exception will be found to arise from cases where he has the rights of bailee or some other rights; not the mere powers of a naked agent. (Paley *74 on Ag. by Lloyd, ch. 4 ; id. ch. 5 ; White v. Bennett, 1 Missouri Rep. 102, 104, 5.) The learned judge charged according to this principle; and he was clearly right. None of the quotations so lavishly made on the argument from Judge Story’s treatise on agency, will be found to impugn it in the least.
New trial denied, (a)

 See Pitts v. Mower, (6 Skepl, Rep, 361 ;) Estate of Merrick, (2 Askm. Rep. 485 ;) Parker v. Donaldson, (2 Watts & Serg. Rep. 9 ;) Harp v. Osgood, (2 Hill, 216.)